## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

GARY CALLIES                                                    PLAINTIFF

V.                           3:16CV00201 JLH/JTR

CRITTENDEN COUNTY DETENTION CENTER                  DEFENDANTS


### ORDER

Plaintiff, Gary Callies, ("Callies"), has filed a *pro se* § 1983 Complaint and an

Amended Complaint alleging that his constitutional rights were violated while he was

confined in the Crittenden County Detention Center ("CCDC"). *Docs. 1 & 6.* Before

Callies may proceed with this action, the Court must screen his claims.[1]

Callies makes the confusing and vague allegations that *unspecified*

*individuals* at the CCDD: (1) denied him adequate medical care for an *unspecified* eye

injury; (2) failed to properly calculate his release date; (3) prohibited him from

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints
seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court
must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally
frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When
making this determination, a court must accept the truth of the factual allegations contained in the
complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

communicating with his family; and (4) held him in custody on false charges. *Id.*

Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants may be joined in one lawsuit only if the claims against them:  (1) arise "out of the same transaction, occurrence, or series of transactions and occurrences"; and (2) involve a "question of law or fact" that is "common to all defendants." *See also Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (explaining that a prisoner cannot attempt to defeat the filing fee requirements in § 1915 by joining unrelated and legally distinct claims in one lawsuit).

Additionally, Callies's vague Complaint and Amended Complaint do not contain a "short and plain statement" showing that he is entitled to relief, as required by Federal Rule of Civil Procedure 8. *See Williams v. Harmon*, Case No. 07-3800, 2008 WL 4331125 (8th Cir. Sep. 24, 2008) (unpublished opinion) (affirming the preservice dismissal of a prisoner's § 1983 complaint that failed to comply with Fed. R. Civ. P.  8); *Chandler v. Pogue*, Case No. 02-2793, 2003 WL 943750 (8th Cir. March 11, 2003) (unpublished opinion) (same).

Finally, the CCDC is the only Defendant named by Callies.  However, it is well settled that jails are not proper defendants in a § 1983 action. *See De La Garza v. Kandiyohi Cnty. Jail*, Case No. 01-1966, 2001 WL 987542 (8th Cir. Aug. 30, 2001) (unpublished opinion).

Accordingly, the Complaint and Amended Complaint are stricken from the record. Callies has thirty days to file a Substituted Complaint that complies with Fed. R. Civ. P. 8 and 20. In the Substituted Complaint, Callies must: (1) include *only* his factually and legally related claim;[2] (2) explain whether he was a pretrial detainee or convicted prisoner when that claim arose; (3) name, as Defendants, the specific individuals involved in that claim; (4) clarify how *each* Defendant *personally participated* in that claim; (5) provide specific facts, such as how long he endured the alleged constitutional violation and how he was harmed by that alleged constitutional violation; and (6) explain whether he is suing the Defendants in their individual and/or official capacities, and why he is doing so.

IT IS THEREFORE ORDERED THAT:

1.      The Complaint and Amended Complaint *(Docs. 1 & 6)* are STRICKEN from the record.

2.      Callies must file, **on or before December 2, 2016**, a Substituted Complaint that complies with the Federal Rules of Civil Procedure and the Court's instructions. If he does not timely and properly do so, this case will be dismissed,

---

[2]   For instance, Callies may bring, in this lawsuit, his claim regarding the allegedly inadequate medical care he received for his eye. If he chooses to do so, Callies must explain what eye injury he had, the care he received for that eye injury, and why the provided care was constitutionally inadequate. Callies must then pursue his three factually and legally distinct claims in *new* and *separately filed* lawsuits.

without prejudice.

      3.      The Clerk is directed to mail Callies a § 1983 complaint form labeled "Substituted Complaint."

      Dated this 4th day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE